# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

David Edward Hagy

August 20, 1996

Case Nos. CR96-817 thru CR96-820, CR96-1300, CR96-1301

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendant has requested the permission of the court to cross-examine the fourteen-year-old complaining witness concerning her prior sexual conduct in order to establish that she had prior knowledge of some or all of the sexual terminology or methodology contained within the offenses with which the Defendant is charged. The Commonwealth alleges that the Defendant is merely on a fishing expedition and that the requested information violates the "rape shield law," § 18.2-67.7, Code of Virginia (1950), as amended.

The purpose of the rape shield law is to encourage victims to report sexual assaults and to testify at the trial, reasonably secure in the knowledge that they will not be questioned unnecessarily concerning their prior sexual conduct. In this case, the Defendant admits that the reason for requesting permission to question the infant complaining witness concerning prior sexual conduct is to determine whether or not any occurred. If it occurred, the Defendant would then be able to present an argument to the jury that because the victim has this knowledge, she could have fabricated her account of the alleged sexual abuse committed by the Defendant. The Defendant alleges that the infant complaining witness has masturbated in the past in front of adults on at least one occasion but has no other evidence of any sexual acts or behavior on the part of the infant complaining witness that would show any prior knowledge of the acts charged.

This case is distinguishable from those cited by the Defendant. There is no evidence of prior sexual conduct with another on the part of the victim which is similar or dissimilar to those in the alleged crimes. The Defendant appears

52

to be on a fishing expedition to discover evidence. Unless the argument is made or inferred by the prosecutor that the victim could not have made up her testimony because she had no prior knowledge of the acts alleged, then evidence of knowledge would not be material. The knowledge of the victim does not go to any of the elements of the offense. It has no bearing on the charges alleged. I do not have specific testimony or evidence before me that would cause me to believe that this case should be an exception to the statutory prohibition. This does not fall within any of the exceptions of the rape shield law. Accordingly, the motion of the Defendant is denied.